UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALIECIA WILLIAMS, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMDEN USA INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:19-cv-691-AJB-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 47]** |

Before the Court is Plaintiff Shaliecia Williams ("Plaintiff") and Defendant Camden USA Inc.'s ("Defendant") Joint Motion for Determination of Discovery Dispute. ECF No. 47. Plaintiff seeks an order from the Court permitting Plaintiff's deposition to proceed via videoconference, to which Defendant objects. *Id*. For the reasons set forth below, Plaintiff's motion for protective order is **DENIED**.

## I. BACKGROUND

On March 1, 2021, Plaintiff filed the operative amended complaint in this matter, alleging negligence and violations of the Fair Housing Act, California Fair Employment and Housing Act, and California Civil Code § 1942.5(a). ECF No. 32. She seeks monetary, declaratory, and injunctive relief against Defendant, the owner of an apartment complex, for discriminating against Plaintiff and her minor daughter on the basis of race. *Id*. at ¶ 1. Plaintiff recounts multiple incidents, alleging that Defendant treated her differently than others, made discriminatory remarks to her, unjustly towed her vehicle, rummaged through her apartment without consent, pressured her to move out, accused her of incidents that never occurred, said derogatory things to repair workers about her, and terminated her lease without cause. *Id*. at ¶¶ 13, 14, 16, 17, 19, 22, 26, 27, 30. Due to Defendant's conduct, Plaintiff alleges suffering "emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; high blood pressure; shingles, sleep loss; feelings of depression, discouragement, dry throat, rise in body temperature, anger, and nervousness; trouble sleeping; and reliving the experience." *Id*. at ¶ 43; *see id*. at ¶ 33.

On June 15, 2021, pursuant to the Court's Chambers Rules, the parties notified the Court that they disagreed about whether Plaintiff must appear in person for her deposition. Email to Chambers (June 15, 2021 at 11:40 a.m.); *see* Chmb.R. at 2. The Court held a telephonic discovery conference on June 17, 2021. ECF No. 44. The Court found it appropriate to issue a briefing schedule. ECF No. 45. The parties timely filed their Joint Motion for Determination of Discovery Dispute on July 2, 2021. ECF No. 47. This order follows.

## II. PARTIES' POSITIONS

The instant motion relates to Defendant's noticed deposition of Plaintiff, scheduled for June 28, 2021.[1] Email to Chambers (June 15, 2021 at 11:40 a.m.). Defendant seeks to conduct the deposition in person, while Plaintiff seeks to conduct the deposition via videoconference. ECF No. 47.

Plaintiff argues that she should not be required to attend an in-person deposition because of her current psychological state. ECF No. 47 at 2. Plaintiff receives Eye Movement Desensitization and Reprocessing for her Post Traumatic Stress Disorder ("PTSD"), a treatment reserved for patients who suffer abnormal levels of fear and anxiety. *Id*.[2] Plaintiff's panic attacks cause her body to shut down, leaving her incapacitated for several days, and have sent her to the hospital. *Id*.; ECF No. 47-1 at 2. Plaintiff is "deeply afraid of having to give an in-person deposition" and "do[es] not have the mental or emotional ability to sit for an in-person deposition, as the thought of such creates extremely severe anxiety[.]" ECF No. 47-1 at 2. Dr. Greenfield contends that Plaintiff "would likely pass out and/or have a panic attack under her current state if she were required to attend her deposition in-person." ECF No. 47 at 2. Thus, Plaintiff requests that she be permitted to attend her deposition via videoconference. *Id*. at 3.

Defendant argues[3] that counsel "was unable to find a single instance wherein a Court ordered a remote deposition based on the emotional stress a party opponent claims he or

---

[1] Cognizant that the final Joint Motion for Determination of Discovery Dispute was due by July 2, 2021, and the deposition at issue was scheduled for June 28, 2020, the Court ordered that "the deposition[] shall be put on hold until the Court rules on the motion." ECF No. 45 at 2.

[2] Although Plaintiff cites to a declaration of Brandon Greenfield, M.D., no declaration was filed with the instant motion. However, the Court will incorporate by reference the arguments attributed to Dr. Greenfield, and the missing declaration does not negatively impact the Court's analysis.

[3] Although the undersigned expresses no opinion on the merits of whether Plaintiff is entitled to emotional distress damages, the Court briefly summarizes Defendant's position

3

3:19-cv-691-AJB-AHG

she may encounter if required to appear for examination in person. Nor does Plaintiff provide such legal authority in support of her current Motion." ECF No. 47 at 5. Defendant also questions "why a virtual cross-examination session would be any better than one conducted in person[,]" since the deposition itself would be the likely stress-inducer, not the location of the deposition. *Id*. Defendant represents that it has taken steps to alleviate stressors that may trigger Plaintiff's anxiety during the in-person deposition, such as conducting the deposition in a quiet conference room; allowing as many breaks as Plaintiff needs to feel comfortable, in a private conference room; and eliminating Defendant's representatives from the deposition by having only counsel and the court reporter attend. *Id*. at 6. Defendant's counsel represents that "she is not an 'aggressive' examiner by nature and [] lack[s] intent to interact with [Plaintiff] in a hostile or otherwise accusatory way." *Id*. at 6.; *see* ECF No. 47-3 at 2 ("I'm friendly and polite and have no intent on being in any way aggressive or hostile with [Plaintiff]. And, at 5'6", I'm certainly not physically intimidat[ing]."). Defendant's counsel also reiterates her strong preference for taking party opponents' depositions in person. ECF No. 47-3 at 3. For example, on several occasions over the last 15 months, she "discovered others in the deponent's immediate presence providing both verbal and non-verbal cues" and "learned the deponent had a second computer screen wherein []she was reading other material during the examination." *Id*.

---

in the instant motion for context. Defendant challenges the veracity of Plaintiff's PTSD claims and the likelihood that she will suffer a panic attack if the deposition is held in person. *See, e.g.*, ECF No. 47 at 4 ("The records do not reflect a single visit to the hospital associated with Defendant's alleged conduct. ... And, while Plaintiff's brief attributes a diagnosis of 'severe PTSD' to declarant Brandon Greenfield, M.D., notes from Plaintiff's [] visit with Dr. Greenfield reflect a diagnosis of 'Moderate' anxiety and depression, not 'severe PTSD.'"); *id*. at 5 ("Plaintiff's Motion is supported by no persuasive or otherwise admissible evidence supporting a 'likelihood' Ms. Williams will either suffer a panic attack or pass out as a result of Plaintiff's counsel's in-person examination."); ECF No. 47-7 (declaration of Ellen Stein, Ph.D.). However, the Court takes Plaintiff's claims in the instant motion at face value and need not address challenges to their legitimacy in its good cause analysis.

Additionally, Defendant argues that taking Plaintiff's deposition via videoconference significantly limits counsel's ability to observe Plaintiff's demeanor and credibility, making settlement much less likely, since counsel cannot assess Plaintiff's strength or weakness as a trial witness. *See id*. at 4.

## III. LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure sets forth the procedures for depositions. As a general rule, the deposition of a party may be set wherever the deposing party designates, subject to the power of the court to grant a protective order. *Lord v. Flanagan*, No. 13cv26-BU-DLC-JCL, 2014 WL 51655, at *2 (D. Mont. Jan. 7, 2014); *see S.E.C. v. Banc de Binary*, No. 13cv993-RCJ-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014) (noting that Rule 30(b)(1) requires "'[a] party who wants to depose a person by oral questions … must state the time and place of the deposition,'" and explaining that "[g]enerally, this means that the examining party may unilaterally choose a deposition's location") (ellipses in original). "[T]he court has a wide discretion in selecting the place of examination." *Lord*, 2014 WL 51655, at *2 (quoting 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2010)); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) ("A district court has wide discretion to establish the time and place of depositions."); *cf. Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (explaining that district courts have broad discretion to manage discovery). Under Rule 30, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means," such as video conferencing. FED. R. CIV. P. 30(b)(4); *see Banc de Binary*, 2014 WL 1030862, at *10 ('other remote means' includes videoconferencing).

Rule 26(c)(1), in turn, governs protective orders. A court may grant a protective order "'to regulate the terms, conditions, time or place of discovery.'" *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (quoting *Pro Billiards Tour Ass'n, Inc. v R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999)). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). In order to make the requisite showing of good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06cv408-WQH-AJB, 2007 WL 1120567, at *1–*2 (S.D. Cal. Mar. 22, 2007) ("To establish good cause, the moving party must make a clear showing of a particular and specific need for the order."). The court has broad discretion in deciding "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Phillips*, 307 F.3d at 1211–12.

## IV. DISCUSSION

The Court does not find good cause to support conducting Plaintiff's deposition via videoconference. The Court does not question the veracity of Plaintiff's claims of PTSD and anxiety surrounding the in-person deposition, but finds that Plaintiff has not met her burden to obtain protective order.

For example, Plaintiff has not refuted Defendant's concerns regarding disadvantages of videoconference depositions of key witnesses, such as the possibility of someone off-camera providing verbal and non-verbal cues to the deponent, the possibility of referring to other materials during the deposition, and limitations on counsel's ability to assess demeanor and credibility. *See* ECF No. 47-3 at 3–4. The Court finds Defendant's argument persuasive, and other courts in this circuit have addressed similar issues and have likewise denied requests for videoconference depositions of key witnesses. *Gersh v. Anglin*, No. CV-17-50-M-DCL-JCL, 2019 U.S. Dist. LEXIS 162473, at *4–*5 (D. Mont. Apr. 5, 2019) (denying request for defendant's deposition to proceed by videoconference, because "[a]s the named defendant, Anglin will also likely serve as a key witness and his credibility will presumably be a central issue. Plaintiff cites several cases recognizing that a deposition by remote means may be insufficient where, as here, the deponent is a key witness whose testimony and credibility are central to the case. [] This Court agrees that [p]laintiff would

be prejudiced if Anglin is not required to appear for an in-person deposition."); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, No. 15cv2034-JVS-JCGx, 2017 WL 10562990, at *6 (C.D. Cal. Aug. 14, 2017) (denying motion for protective order permitting depositions to proceed by videoconference, in part because "the Quintos are key witnesses in this case. They are [plaintiff]'s principals; they decided to bring this litigation, and they have been actively involved in making litigation decisions, as their counsel have represented. Thus, it is fair to say that their testimony will be controversial, and the tenor of the interactions between the parties and counsel during the depositions may be tense. Videoconference depositions are not suitable for such controversial situations," since counsel would be unable to ascertain if anyone is listening in or coaching the witness); *see cf. Egan v. Royal Kona Resort*, No. 17-322-DKW-KJM, 2018 WL 1528779, at *2 (D. Haw. Mar. 28, 2018) ("Although the Court will always encourage parties to consider remote depositions—particularly if the depositions do not involve key witnesses—the Court agrees with Royal Kona's concerns about the practical limitations on such depositions. Here, where the depositions concern the named Plaintiffs who will be key trial witnesses, the Court agrees that forcing video or telephonic depositions would unfairly prejudice Royal Kona's case evaluation and preparation."); *United States v. Approximately $57,378 in U.S. Currency*, No. C-08-5023-MMC-BZ, 2010 U.S. Dist. LEXIS 121022, at *3–*4 (N.D. Cal. Oct. 27, 2010) (denying request for defendant's deposition to proceed by videoconference, because "a deposition by telephone or video conference would be prejudicial to the Government's case. This is primarily because the Government will use Sims' deposition to examine her credibility. To do this, the Government needs an in-person opportunity to observe Sims' demeanor, ask follow-up questions, and confront Sims with prior inconsistent statements she has made."); *Clinton v. Cal. Dep't of Corr.*, No. CIV-S-05-1600-LKK-CMK-P, 2008 WL 5068586, at *2 (E.D. Cal. Nov. 25, 2008) (declining to order remote deposition of plaintiff because a remote deposition would "place [defendant] at a disadvantage by not allowing defense counsel to adequately observe plaintiff's demeanor to prepare for trial").

Moreover, Plaintiff does not address why existing safeguards are insufficient. For example, depositions are limited to one day of seven hours. FED. R. CIV. P. 30(d)(1). During the deposition, examining counsel is expected to refrain from questioning that creates "unreasonable annoyance, embarrassment or oppression." FED. R. CIV. P. 30(d)(3)(A); *see also Scott-Iverson v. Indep. Health Ass'n*, No. 13cv451-V-F, 2017 WL 35453, at *4 (W.D.N.Y. Jan. 4, 2017) (collecting cases regarding abusive conduct of examining counsel). Further, this district's Local Civil Rules establish a code of conduct, requiring "lawyers to treat adverse witnesses [and] litigants … with courtesy, fairness, and respect." CivLR 2.1(a)(3)(b). Also, "lawyers [must] conduct themselves in the discovery process as if a judicial officer were present." CivLR 2.1(a)(3)(c). The undersigned's Chambers Rules also outline procedures to follow if a dispute arises during a deposition. Chmb.R. at 4. Should Defendant's counsel's questioning become aggressive, the parties may call Chambers at 619-557-6162. *Id*. The Court finds that adequate safeguards[4] exist, which eliminate the need for a videoconference deposition.

The Court acknowledges Plaintiff's fear and anxiety regarding her in-person deposition. *See* ECF No. 47-1 at 2. However, the Court finds that Plaintiff did not sufficiently allege a "particular and specific need" for a videoconference deposition, as required to obtain a protective order—e.g., it is not clear why her fears only involve in-person depositions and not videoconference depositions. *See WebSideStory*, 2007 WL 1120567, at *1–*2 ("To establish good cause, the moving party must make a clear showing of a particular and specific need for the order."). Additionally, since the Court finds Defendant's arguments regarding disadvantages of videoconference depositions of key

---

[4] In addition, here, Plaintiff's deposition will be conducted in a quiet conference room; only counsel and a court reporter will be in the room, i.e., Defendant's representatives will not be present at the deposition; and Plaintiff will have as many breaks as she needs to feel comfortable, in a private conference room. ECF No. 47 at 6. Defendant's counsel has represented to the Court that she "ha[s] no intent on being in any way aggressive or hostile with [Plaintiff]." ECF No. 47-3 at 2.

witnesses persuasive, and because the Court finds there are sufficient safeguards in place to mitigate Plaintiff's concerns, the Court does not find good cause to order a videoconference deposition.

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for protective order (ECF No. 47) and **ORDERS** that Plaintiff's deposition proceed in person.

**IT IS SO ORDERED.**

Dated: July 16, 2021

Honorable Allison H. Goddard
United States Magistrate Judge