UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALIECIA WILLIAMS, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMDEN USA INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-691-AJB-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 68]** |

　　　Before the Court is Plaintiff Shaliecia Williams ("Plaintiff") Motion to Compel Twitter, Inc. ("Twitter") to Comply with a Subpoena Duces Tecum. ECF No. 68. Plaintiff seeks to compel a non-party, Twitter, to produce "All 'Tweets' authored by Bersabed Annaiz Walton … for the time period beginning January 1, 2018 through November 1, 2020." *Id*. at 3; ECF No. 68-1 at 4. Twitter timely filed its Opposition (ECF No. 76), and Plaintiff timely filed her Reply (ECF No. 77). The Court finds that this motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). As such, the motion hearing scheduled for November 26, 2021 is **VACATED**. As set forth below, Plaintiff's motion to compel is **DENIED**.

　　　**I.　　DISCUSSION**

　　　The Federal Rules of Civil Procedure allow for the issuance of a subpoena to produce documents but limits those subpoenas to commanding production "at a place within 100

miles" of the subpoenaed non-party. *See* Fed. R Civ. P. 45(c)(2)(A). Plaintiff's Rule 45 subpoena commanded Twitter, in San Francisco, to produce documents in La Mesa, CA. ECF No. 68-1 at 4. A subpoena requiring a nonparty to produce documents at a place more than one-hundred miles away[1] is invalid. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) (a court must quash or modify a subpoena that does not comply with Rule 45(c)); *see also Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("Rule 45 further requires that the place of compliance for the 'production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'"); *Youngevity Int'l, Corp. v. Smith*, No. 16cv704-BTM-JLB, 2017 U.S. Dist. LEXIS 206797 (S.D. Cal. Dec. 15, 2017) ("Subdivision (c) [of Rule 45] now specifies the place of compliance for a subpoena commanding production of documents must be within 100 miles of where the person resides, is employed, or regularly transacts business in person. [] This requirement 'makes clear that the place of compliance is tethered to the location of the subpoenaed person.'"); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14cv0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *9 (D. Nev. Aug. 15, 2014) ("The text of the Rule [45] does not provide for an alternative basis for the Court to find that the place of compliance is not tethered to the subpoenaed person's location, but rather could be found to be some other district … where the subpoenaed party with possession of the documents is required to comply.").

Further, Rule 45(g) of the Federal Rules of Civil Procedure requires a motion regarding non-compliance with a subpoena to be filed with "the court for the district where compliance is required." Fed. R. Civ. P. 45(g). Rule 37(a)(2) likewise provides that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Therefore, the motion was not properly filed in the Southern District of California. Any motion by Plaintiffs to compel Twitter's compliance

---

[1] San Francisco, where Twitter's headquarters is located (*see* ECF No. 68-1 at 6), is approximately 505 miles from La Mesa.

with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required. *See Montgomery v. Risen*, No. 15-cv-02035-AJB-JLB, 2015 WL 12672825 (S.D. Cal. Nov. 2, 2015) ("The Court lacks the jurisdiction under the federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required."); *see also Europlay*, 323 F.R.D. at 629 ("'a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required.'") (quoting *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014)); *H.I.S.C, Inc. v. Franmar Int'l Importers, Ltd.*, No. 16-CV-480-BEN-WVG, 2018 WL 2095738, at *2 (S.D. Cal. May 7, 2018) ("The issuing court does not have authority to quash a subpoena unless, of course, compliance is also required in that the same district where that court sits."). Thus, this Court's does not have jurisdiction to hear the instant motion. The proper court to file the Rule 45 subpoena would have been in the Northern District of California since that court encompasses the place where compliance with the subpoena is required. *See Europlay*, 323 F.R.D. at 629 (denying motion to compel when subpoena was served on non-party Google, who is headquartered in Mountain View, which required production of responsive information to Sherman Oaks, which is in the Central District but more than 100 miles away from Mountain View, noting that though Google had an office in Venice, "the proper district to hear a motion to compel is where Google is headquartered[,]" i.e., in the Northern District).

## II.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Compel Compliance with the Rule 45 Subpoena. ECF No. 68.

**IT IS SO ORDERED.**

Dated:  November 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge