Rebecca J. Fortune (SBN 229921)
Tiffany D. Truong (SBN 292463)
**KIMBALL, TIREY & ST. JOHN LLP**
7676 Hazard Center Drive, Suite 900-B
San Diego, California 92108
Telephone: (619) 231-1422
Facsimile: (619) 234-7692
E-mail: Rebecca.Fortune@kts-law.com

Attorney for Defendant, CAMDEN USA, INC.
(erroneously sued as CAMDEN OLD CREEK)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHALIECIA WILLIAMS, an individual, S.W., a minor by and through her Guardian Ad Litem SHALIECIA WILLIAMS, an individual,<br><br>Plaintiffs,<br>vs.<br><br>CAMDEN USA, INC., a Delaware corporation; CAMDEN OLD CREEK, a business form unknown; and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No.** 3:19-cv-00691-AJB-NLS<br><br>**DECLARATION OF REBECCA J. FORTUNE IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE THE TERMS OF SETTLEMENT**<br><br>Hearing Date: August 4, 2022<br>Hearing Time: 3:30 p.m.<br><br>Date Filed: April 16, 2019<br>Trial Date: None/**Settled** |

I, Rebecca J. Fortune, declare as follows:

1. I am an adult over the age of eighteen (18) years. I am a partner with Kimball, Tirey & St. John LLP, counsel to plaintiff CAMDEN USA, INC.

("CAMDEN"). I have personal knowledge of all facts stated herein and could competently testify thereto if called upon to do so.

2. On May 11, 2022, together with CAMDEN's Director of Risk Management, Lee Williams, I appeared for a Mandatory Settlement Conference ("MSC") conducted by Magistrate Judge Allison H. Goddard. At the conclusion of the MSC, Judge Goddard issued a mediator's proposal. In addition to other terms, Judge Goddard's proposal included the following: "The parties shall cooperate in the submission of a joint motion asking that the Court file under seal any portions of the briefs or evidence submitted in connection with Defendants' motion for summary judgment that refer to Plaintiff having bed bugs in her apartment, or show pictures of Plaintiff's apartment at Defendants' apartment complex." No other mention was made regarding the prospect of sealing evidence submitted by the parties in connection with Defendant's Motion for Summary Judgment.

3. Because Defendant's Motion for Summary Judgment did not make any claim regarding bed bugs in Plaintiff's apartment, CAMDEN had no problem agreeing to cooperate in the joint motion referenced in Judge Goddard's proposal. However, CAMDEN never agreed to incur additional attorney's fees and costs in being forced to edit and refile its Motion for Summary Judgment (and a supporting declaration). Nor did CAMDEN agree to seal portions of the summary judgment pleadings other than the referenced photographs of Plaintiff's apartment.

4. On May 19, 2022, Judge Goddard provided notice of Plaintiff and Defendant's acceptance of the Court's proposal and instructed me to send a draft of the final written settlement agreement to Mr. Fagan within seven (7) days.

5. On May 23, 2022, Mr. Fagan and I finalized a written settlement agreement and he promised to send to Plaintiff for signature. Plaintiff refused to execute the Settlement Agreement, demanding CAMDEN agree to seal new and additional documents filed in support of, and in opposition to, its Motion for Summary Judgment.

Meaning, after terms of settlement were already agreed upon, Plaintiff demanded that documents submitted in support of her own Opposition be sealed.

6. On June 14, 2022, after engaging in substantial discussions with me, Plaintiff's counsel (Mr. Fagan) and plaintiff SHALIECIA WILLIAMS personally, Judge Goddard concluded my efforts satisfied the term of settlement recited in paragraph 2, above. I.e., "Ms. Fortune's willingness to agree to my proposal satisfies this requirement. The mediator's proposal does not require Ms. Fortune or her client to join in a motion that includes unnecessary and disparaging information. If Mr. Fagan or Ms. Williams does not agree to my proposed edits, they should file a non-joint motion to seal. Defendant may oppose that motion."

7. At or about 5:45 on June 14, 2020, I received service copies of Plaintiff's Notice of Motion and Motion to Seal Documents in Conjunction with the Previously Filed Moton for Summary Judgment. The served by Plaintiff's attorney indicated a hearing date of August 18, 2022.

8. At 6:07 p.m. on June 14, 2022, I received a fully executed Settlement Agreement from Plaintiff's counsel. The agreement was signed by SHALIECIA WILLIAMS on June 14, 2022. CAMDEN executed the Agreement on June 16, 2022 and returned a fully executed copy to Plaintiff's counsel. Because the terms of settlement are confidential, I am not attaching the agreement to this Declaration, but it can be made available for the Court's review on request.

9. Aside from "cooperating" with a contemplated joint motion to seal – which CAMDEN has satisfied – the Settlement Agreement does not require CAMDEN to undertake any additional process or motion practice. Additionally, the Settlement Agreement requires Plaintiff's to prepare and a Joint Motion to Dismiss to me within five (5) days of his receipt of all settlement funds.

\\\

\\\

10. On June 29, 2022, Plaintiff's counsel, Mr. Fagan, confirmed receipt of all settlement funds required by the Settlement Agreement. As such, accounting for the July 4th holiday, Plaintiff's deadline to prepare and send a Joint Motion to dismiss expired on July 5, 2022.

11. CAMDEN never agreed to waive any terms of the Settlement Agreement. E.g., CAMDEN did not agree to waive the five-day deadline for dismissal to allow the Court to hear the pending Motion to Seal.

12. Because the relief sought in Plaintiff's pending Motion to Seal would require additional work and expense by CAMDEN, and because CAMDEN's deadline to file an opposition to that Motion expired prior to Plaintiff's deadline to provide the joint motion to dismiss, to avoid penalty, CAMDEN filed its Opposition to Plaintiff's Motion as required on June 29, 2022.

13. I met and conferred with Plaintiff's counsel, Craig Fagan, Esq., via telephone on July 6, 2022. Mr. Fagan conveyed his belief that MS. WILLIAMS would not agree to submit the joint motion for dismissal if it meant her pending Motion to Seal would be vacated. To avoid this issue, I told Mr. Fagan CAMDEN would agree to resolve the issue as Judge Goddard suggested on June 14th. Mr. Fagan indicated his belief MS. WILLIAMS would not agree.

14. CAMDEN agreed to make a financial payment in settlement of this matter to "buy its peace." CAMDEN agreed to write a check, not because it believed Plaintiff's case had merit, but to avoid exactly what is happening now, e.g., being forced to respond to one unreasonable request after another.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct to the best of my knowledge.

*s/ Rebecca J. Fortune* .

Rebecca J. Fortune